489 P.2d 727

**Maria CORDOVA and Raul Navarette Cordova, Appellants,**

v.

**CITY OF TUCSON, a municipal corporation, Appellee.**

**No. 2 CA–CIV 1067.**

Court of Appeals of Arizona, Division 2.

Oct. 12, 1971.

**470**

Murphy, Vinson & Hazlett, P. C., by James M. Murphy, Tucson, for appellants.

Herbert E. Williams, City Atty., by Miller, Pitt & Feldman by James C. Carruth, Sp. Counsel, Tucson, for appellee.

KRUCKER, Chief Judge.

The city instituted individual condemnation proceedings to acquire the appellants' property to complete the Pueblo Center Redevelopment Project number Arizona R–8. The city moved for summary judgment on the issue of its right to take the subject property and the court granted its motion for partial summary judgment. The "partial summary judgment" recites:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff have, and is hereby granted, Judgment against the Defendants Cordova in each of the above-captioned actions on the issue of Plaintiff's right to take the subject properties described in the Complaints in each of the above-captioned actions, that Plaintiff has properly exercised the right to acquire each of said properties by the process of eminent domain for urban renewal purposes and IT IS FURTHER ORDERED that the only issue left to be tried is the issue as to the amount of just compensation to be paid to Defendants Cordova for said takings."

From this order, the Cordovas have appealed. Since the right to appeal exists only by force of statute, Ginn v. Superior Court, 1 Ariz.App. 455, 404 P.2d 721 (1965), this court, as is its duty, *sua sponte*, raises the question of jurisdiction. In re McCabe's Estate, 11 Ariz.App. 555, 466 P.2d 774 (1970).

Other jurisdictions which have considered the question have held that an order adjudicating the right to condemn is not appealable and a review thereof must await an appeal from the final judgment. See, e. g., First National Bank of Greeley v. Minnesota Mines, 109 Colo. 6, 121 P.2d 488 (1942); People ex rel. Dept. of Public Works v. Rodoni, 243 Cal.App.2d 771, 52 Cal.Rptr. 857 (1966); Camp Phosphate Company v. Marion County, Fla.App., 194 So.2d 302 (1967); Town of Lebanon, Dakota County v. Land Holding Company, 274 Minn. 558, 143 N.W.2d 60 (1966); Evansville-Vanderburgh Levee Authority District v. Towne Motel, Inc., 247 Ind. 161, 213 N.E.2d 705 (1966); Big Horn Coal Company v. Sheridan-Wyoming Coal Company, 67 Wyo. 300, 224 P.2d 172 (1950); Moses v. State Highway Comm., 261 N.C. 316, 134 S.E.2d 664 (1964), cert. denied, 379 U.S. 930, 85 S.Ct. 327, 13 L.Ed.2d 342 (1964); Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945). As stated in 6 Nichols on Eminent Domain, 3d Ed. § 26.32:

"When, however, the trial court adjudges that the petitioner has established its right to condemn the designated land, the order does not finally dispose of the proceedings, because there can be no judgment of condemnation until damages have been assessed. The rule at common law is that a writ of error does not lie except to a judgment which determines the entire controversy between the parties, and the courts have generally in accordance with this principle discouraged the review of a cause piecemeal. For this reason it is held in some jurisdictions that, unless it comes within some special statute, an order adjudging that the petitioner has the right to condemn is interlocutory only and not subject to appeal, and so the points of law involved in the adjudication cannot be heard by an appellate court until there has been a final judgment of condemnation. The right of the owner to be heard by an appellate court upon the points of law involved in the adjudication of the right to take is, of course, not lost, but merely deferred until there is a decision of the trial court on the merits, confirming the award of compensation." (Footnotes omitted)

A.R.S. § 12–2101, as amended, is controlling. The subject order is neither a "final judgment," a "final order," a "spe-

cial order made after final judgment," nor an "order affecting a substantial right" which in effect determines the action and prevents judgment from which an appeal might be taken. Furthermore, it does not qualify as an appealable "interlocutory judgment" as set forth in subsection G. Tucson Telco Federal Credit Union v. Bowser, 6 Ariz.App. 190, 431 P.2d 85 (1967). We hold, therefore, that this appeal is premature.

In so holding, we do not mean to intimate that judicial relief at this juncture of a condemnation proceeding is absolutely barred. Although no rights of appeal exist, judicial intervention by way of special action may be available to avoid the serious economic waste which would result from a long drawn-out trial when the condemning authority has no right to condemn the land in question.

Appeal dismissed.

HATHAWAY and HOWARD, JJ., concur.