517 P.2d 1275

**Richard G. ROGERS and Alice Fay Rogers, his wife, Valley National Bank of Arizona, Trustee, Western Farms Investment Company, and Willinger's Turf Grass Farms, Inc., Appellants,**
**v.**
**SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, a political subdivision of the State of Arizona, Appellee.**
**No. 11151.**

Supreme Court of Arizona,
In Banc.

Jan. 11, 1974.

**280**

Elmer C. Coker, Phoenix, for appellants Western Farms Investment Co. and Willinger's Turf Grass Farms, Inc.

Streich, Lang, Weeks, Cardon & French by William P. French, Phoenix, for appellants Rogers.

Fennemore, Craig, von Ammon & Udall by Calvin H. Udall, Phoenix, for appellant Valley Nat. Bank.

Jennings, Strouss & Salmon by Jon L. Kyl, Phoenix, for appellee.

PER CURIAM.

This is an appeal by the defendant landowners Richard G. and Alice Fay Rogers, Valley National Bank, Western Farms Investment Co., and Willinger's Turf Grass Farms, Inc., from orders of the Superior Court of Maricopa County granting the plaintiff Salt River Project Agricultural Improvement and Power District immediate possession of certain tracts of land pursuant to § 12–1116 et seq., A.R.S.

From an order of immediate possession, defendants first filed a petition for special action in this court. After an informal hearing on 21 November 1972, we declined to accept jurisdiction and suggested to the parties an appeal would be a more appropriate method of review. On 24 November 1972, the defendants filed notice of appeal to the Court of Appeals. The appeal was thereafter transferred to this court on petition of the parties pursuant to Rule 47(e)(1), Rules of the Supreme Court, 17A A.R.S.

We need consider only one question and that is whether the appeal itself is premature.

Early in the history of this court we held that "[an] order of immediate possession * * * [is] unquestionably not directly appealable." De Hansen v. District Court, 11 Ariz. 379, 383, 94 P. 1125, 1126 (1908). And our Court of Appeals has stated:

"A.R.S. § 12–2101, as amended, is controlling. The subject order is neither a 'final judgment,' a 'final order,' a 'special order made after final judgment,' nor an 'order affecting a substantial right' which in effect determines the action and prevents judgment from which an appeal might be taken. Furthermore, it does not qualify as an appealable 'interlocutory judgment' as set forth in subsection G. Tucson Telco Federal Credit Union v. Bowser, 6 Ariz.App. 190, 431 P.2d 85 (1967). We hold, therefore, that this appeal is premature." Cordova v. City of Tucson, 15 Ariz.App. 469, 470–471, 489 P.2d 727, 728–729 (1971).

Although we agree with the parties to this action that there are good reasons for allowing an appeal from an order of immediate possession, we are not persuaded at this time to overrule De Hansen and Cordova, supra, because of what we perceive to be a lack of legislative authorization for allowing such an appeal prior to the final judgment. The parties hereto may, of course, appeal after a final judgment has been entered.

For the reasons stated, the appeal is dismissed.