923 P.2d 871

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, State of Arizona, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MOHAVE, the Honorable James E. Chavez, a judge thereof, Respondent Judge,**

**P.S. and J.S.; Children in Mohave County Juvenile Action No. 95–G–97, Real Parties in Interest.**

**No. 1 CA–SA 96–0145.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 3, 1996.

Law Offices of Community Legal Services by Dolores Holmes Milkie, Kingman, for Natural Mother.

Robert M. Bula, P.C. by Robert M. Bula, Kingman, for Real Parties in Interest P.S. and J.S.

Law Offices of Brynne VanHettinga by Brynne VanHettinga, Kingman, for Minor Children.

Grant Woods, Attorney General by Stephen J.P. Kupiszewski, Assistant Attorney General, Phoenix, for State of Arizona.

## OPINION

WEISBERG, Presiding Judge.

The Arizona Department of Economic Security ("DES") petitions for special action relief from the trial court's denial of its motion in limine which had requested dismissal of a petition for permanent guardianship involving dependent children. By previous order, we accepted jurisdiction over the special action petition and denied relief, with this opinion to follow.

## FACTUAL AND PROCEDURAL BACKGROUND

K.M.[1] and N.M. are the two minor children of A.M. ("Mother"). In February 1993, Mother and the children, who all had been living in Oregon, arrived at the Kingman home of the children's maternal grandparents, P.S. and J.S. ("the Grandparents").[2] Mother then abandoned the children to the Grandparents and left Kingman.

On February 9, 1994, pursuant to Ariz. Rev.Stat. Ann. ("A.R.S.") section 14–5201, the Grandparents filed a petition requesting their appointment as guardians of the children.[3] On March 24, 1994, the Grandparents filed a dependency petition, after which the children were made wards of the court, with care, custody and control given to DES and

Hagen, Boyle & Jones, P.C. by Joseph M. Boyle, Phoenix, for Arizona Department of Economic Security.

---

1. To protect the anonymity of the parties, we refer to the minor children, the mother, and the grandparents by their initials only. *See J.D.S. v. Franks*, 182 Ariz. 81, 84 n. 1, 893 P.2d 732, 735 n. 1 (1995).

2. J.S. is Mother's mother, and P.S. is Mother's step-father.

3. Although the record does not reflect the disposition of this petition, it apparently was not granted.

temporary physical custody awarded to the Grandparents. On April 29, 1994, the children were adjudicated dependent, with physical custody remaining with the Grandparents.

In September 1995, pursuant to A.R.S. section 8–525.01, the Grandparents filed a petition for permanent guardianship. A hearing on the guardianship petition was scheduled for April 1996. Less than one week before the hearing, DES filed a motion in limine stating that it did not consent to a permanent guardianship and that, pursuant to A.R.S. section 8–525(B), its lack of consent prohibited such appointment. DES objected because it believed that a permanent guardianship would be inconsistent with its current case plan of returning the children to Mother. Notwithstanding, DES specifically stated that it had no objection to the Grandparents as guardians, but only to a guardianship in general.

Following oral argument, the trial court, which treated the motion in limine as a motion to dismiss, concluded that A.R.S. section 8–525(B) empowers DES to veto only the prospective guardian(s), but not the guardianship in general. Noting that DES did not object to the Grandparents as guardians, the trial court denied DES' motion.

DES then filed this petition seeking special action relief, arguing that the statute gives it the right to veto a permanent guardianship proceeding if it concludes that the proceeding is not appropriate. In response, the Grandparents and the children (collectively, "respondents") argue that the trial court correctly interpreted the statute and that DES' interpretation would render the statute unconstitutional by permitting DES to usurp the province of the trial court, in violation of the separation of powers doctrine.

## DISCUSSION

### A. *Jurisdiction*

■ This case involves the interpretation of a statute that has yet to be addressed by the appellate courts, and therefore presents a purely legal question on an issue of statewide importance. The issue presented is also one that is likely to recur in future guardianship proceedings. Under these circumstances, special action jurisdiction may be appropriate. *Vo v. Superior Court,* 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1992). Furthermore, the petition arises from a juvenile action, in which a speedy determination is of greater importance. *See J.D.S. v. Franks,* 182 Ariz. 81, 84, 893 P.2d 732, 735 (1995); *J.A.R. v. Superior Court,* 179 Ariz. 267, 272–73, 877 P.2d 1323, 1328–29 (App.1994). In the exercise of our discretion, therefore, we accepted jurisdiction over this special action.

### B. *Merits*

Before 1994, guardianship proceedings for dependent minors were governed by the probate code. *See* A.R.S. sections 14–5201 to – 5212. An order granting such a guardianship, however, might conflict with, and therefore be subordinate to, an order of dependency. *See* A.R.S. section 8–202(D) ("The orders of the juvenile court under the authority of this chapter shall, to the extent that they are inconsistent therewith, take precedence over any order of any other court of this state excepting the court of appeals and the supreme court.").

In 1994, the legislature enacted A.R.S. sections 8–525 to –525.02, which established a separate procedure permitting the juvenile court to appoint a permanent guardian for a dependent child. *See* 1994 Ariz. Sess. Laws, Ch. 335, § 3. The statute provides that the petition for permanent guardianship may be filed by "any person." A.R.S. § 8–525.01(A). The instant case primarily involves A.R.S. section 8–525,[4] which sets forth the condi-

4. **A.** The court may establish a permanent guardianship between a child and the guardian if the prospective guardianship is in the child's best interest and all of the following apply:

    1. The child has been adjudicated a dependent child.

    2. The child has been in the custody of the prospective permanent guardian for at least nine months as a dependent child.

    3. The division or agency having custody of the child has made reasonable efforts to reunite the parent and child and further efforts would be unproductive.

tions under which the trial court may grant the petition, and the persons whom the trial court may consider for appointment.

DES argues that A.R.S. section 8–525(B) gives it the authority to veto the guardianship proceeding. Respondents, however, contend that it merely gives DES the power to veto the trial court's choice of the proposed guardian. Otherwise, respondents argue, DES would be invading the trial court's exclusive authority to determine whether grounds exist to support a permanent guardianship. The trial court agreed with respondents and, because DES had not objected to the Grandparents as guardians, denied DES' motion. We agree with the trial court.

■■■ The interpretation of a statute is a question of law that we review de novo. *Barry v. Alberty,* 173 Ariz. 387, 389, 843 P.2d 1279, 1281 (App.1992). The guiding principle of statutory construction is to ascertain and give effect to the legislative intent. *Devenir Assocs. v. City of Phoenix,* 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991). When construing a statute, this court looks first to the statutory language; if the language is plain and unambiguous, we will apply it without resorting to other rules of construction. *State v. Reynolds,* 170 Ariz. 233, 234, 823 P.2d 681, 682 (1992). The individual provision at issue, however, must be considered in the context of the entire statute of which it is a part. *Guzman v. Guzman,* 175 Ariz. 183, 187, 854 P.2d 1169, 1173 (App.1993).

■■ The language cited by DES—"provided that [DES] grants consent to the guardianship"—does not unambiguously indicate whether the legislature intended to grant

DES the ability to veto a guardianship in general or merely the choice of a particular person as guardian. Although when taken out of context the language could support DES' position, when considered in the context of the entire statute, it supports only the limited grant of veto over the prospective guardian.

The structure of A.R.S. section 8–525 is noteworthy in this regard. Subsection (A) declares that the juvenile court may grant a permanent guardianship, and establishes the conditions under which the trial court may do so. Subsection (B), which contains the disputed language, defines the class of persons whom the trial court may consider as prospective guardians. Subsection (C) mandates that the trial court's ultimate concern be the needs of the child, and subsection (D) defines the rights and responsibilities of the permanent guardian, once appointed.

The location of the disputed language within subsection (B) demonstrates the legislature's intent. The full sentence in which the language appears is: "The court may consider any adult, including a relative or foster parent, as a permanent guardian, provided that [DES] grants consent to the guardianship, if the child is in [DES'] custody." The context of the clause indicates that the required consent relates just to the prospective guardian.

Had the legislature intended to grant DES an all-encompassing veto power, it would have done so in subsection (A), which sets forth the prerequisites for granting the petition for guardianship.[5] Its failure to do so,

---

4. Reunification of the parent and child is not in the child's best interests because the parent is unwilling or unable to properly care for the child.

5. The likelihood that the child would be adopted is remote or termination of parental rights would not be in the child's best interest.

**B.** The court may consider any adult, including a relative or foster parent, as a permanent guardian, *provided that the division or agency grants consent to the guardianship,* if the child is in the division's or agency's custody. An agency or institution may not be a permanent guardian. The court shall appoint a person nominated by the child if the child is fourteen or more years of age, unless the court

finds that the appointment would not be in the child's best interest.

**C.** In proceedings for permanent guardianship, the court shall give primary consideration to the physical, mental and emotional needs of the child.

(Emphasis added.) Subsection (D) merely defines the responsibilities and authority of the permanent guardian, once appointed. *See* A.R.S. § 8–525(D).

5. We need not reach respondents' argument that A.R.S. section 8–525(B) violates the separation of powers doctrine by permitting DES to invade the judicial function of the juvenile court. Because DES declined to exercise the veto granted by the statute, the constitutionality of this provision is

however, and its inclusion of the consent language in subsection (B) indicate the legislature's intent to grant DES the ability to veto only the prospective guardian. We therefore hold that A.R.S. section 8–525 does not require DES' consent to the permanent guardianship itself.

■ In the instant case, DES opted not to exercise its limited veto, and approved the Grandparents as permanent guardians:

> THE COURT: ... [T]he bottom line here is the fact that the agency does not agree with permanent guardianship will not keep this contested hearing from happening, nor will their objection to the guardians in this particular case keep this case from happening, because I think they've already approved the guardians by silence over the last, I don't know, at least a year.

> [COUNSEL FOR DES]: That's true, Your Honor, we could not object to the individual.

The trial court, therefore, did not err by denying DES' motion in limine.

## CONCLUSION

We conclude that A.R.S. section 8–525 grants DES the power to veto only the prospective guardian, not the permanent guardianship itself. Accordingly, we affirm.

FIDEL and VOSS, JJ., concur.

not before us. *See Smith v. City of Phoenix,* 175 Ariz. 509, 512, 858 P.2d 654, 657 (App.1992) (court will not determine constitutional issues unless squarely presented in a justiciable controversy or absolutely necessary to determine merits of the case).