IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAY 30 2012

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| CATALINA FOOTHILLS UNIFIED SCHOOL DISTRICT NO. 16, a political subdivision of the State of Arizona, | ) ) ) ) ) | 2 CA-CV 2011-0166 DEPARTMENT B  O P I N I O N |
| Plaintiff/Appellee, | ) ) | |
| v. | ) ) | |
| LA PALOMA PROPERTY OWNERS ASSOCIATION, INC., an Arizona non-profit corporation, | ) ) ) ) | |
| Defendant/Appellant. | ) ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20075114

Honorable Michael O. Miller, Judge
Honorable Scott Rash, Judge

DISMISSED

---

Law Offices of Diane M. Miller, PLLC
 By Diane M. Miller                                                    Phoenix

and

DeConcini McDonald Yetwin & Lacy, P.C.
 By Lisa Anne Smith                                                    Tucson
                                        Attorneys for Plaintiff/Appellee

Stubbs & Schubart, P.C.
By G. Lawrence Schubart
Tucson
Attorneys for Defendant/Appellant

E S P I N O S A, Judge.

¶1      In this eminent-domain/condemnation action, defendant/appellant La Paloma Property Owners Association, Inc. (LPPOA) appeals from the trial court's signed "Partial Judgment" dated August 29, 2011.  Because we lack jurisdiction, we dismiss the appeal.

## Factual Background and Procedural History

¶2      Plaintiff/appellee Catalina Foothills Unified School District No. 16 owns property, known as Block 24, which neighbors La Paloma, a subdivision in the Tucson area.  Block 24 is bounded on its southeast side by Campo Abierto, a private drive owned by LPPOA that provides access to La Paloma.  In 2007, the district filed a complaint seeking to condemn an easement over a portion of Campo Abierto in order to provide access to an early childhood learning center that was at that time being constructed on Block 24.  The trial court dismissed the complaint, however, finding that the district did not have authority to condemn an easement "for a private roadway over private land," but also granting the district leave to amend its complaint to condemn the property in fee simple.  The district amended its complaint to seek condemnation in fee, "subject to a perpetual easement in favor of Defendant La Paloma POA and any other property owners with rights under the plat or other recorded documents for ingress, egress, utilities and such other purposes for which the Disputed Property is currently used."  In March 2008,

2

the trial court granted the district immediate possession of the subject property but did not foreclose continued use of the property for accessing La Paloma.

¶3 LPPOA subsequently petitioned this court for special-action relief, but we declined to exercise jurisdiction. Litigation continued in the trial court, and in May 2011 the district moved *in limine* to preclude testimony by LPPOA's expert witness about severance damages that LPPOA would suffer as a result of the district's proposed taking. The trial court heard argument on the motion, made certain legal findings, and took the motion under advisement.

¶4 In August 2011, the trial court granted the district's motion *in limine*, reasoning, "Because [the expert] was told to assume [the district] lacked authority to give [LPPOA] an easement and just compensation cannot be reduced by a non-monetary asset such as a conveyance of a deed of easement, he did not rely on the proposed form of easement in reaching his opinion of value." The court concluded that "[a]n expert opinion based on incorrect legal assumptions will not assist the trier of fact to understand the evidence or determine a fact at issue as required by Ariz. R. Evid. 702," and consequently excluded the expert's testimony.

¶5 LPPOA then lodged a proposed partial judgment, which the trial court signed. The partial judgment contained a certification that "there is no just reason for delay and the entry of this Judgment is hereby expressly directed pursuant to Ariz. R. Civ. P. 54(b)." It purported to "resolve[] claims that involve issues of constitutional and statutory construction that are properly determined prior to further proceedings or a trial,"

3

but it did not identify those claims or the court's resolution of them. Instead, the partial judgment incorporated by reference legal and factual determinations from the court's 2008 order of immediate possession, its 2011 minute entry from the hearing on the motion *in limine*, and its under-advisement ruling on the same motion. LPPOA filed a timely notice of appeal.[1]

### Appellate Jurisdiction

**¶6** Although neither party initially addressed the issue, we have an independent duty to determine whether we have jurisdiction over an appeal. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App. 1997). After finding a possible jurisdictional defect, we ordered the parties to submit additional briefing on the issue. In its supplemental memorandum, LPPOA argues we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) and Rule 54(b), or, in the alternative, pursuant to A.R.S. § 12-2101(A)(6) and *Bilke v. State*, 206 Ariz. 462, 80 P.3d 269 (2003). We examine these potential bases of jurisdiction in turn.

### A.R.S. § 12-2101(A)(1) and Rule 54(b)

**¶7** Subject to limited exceptions not relevant here, this court has jurisdiction to consider an appeal "[f]rom a final judgment entered in an action or special proceeding commenced in a superior court." § 12-2101(A)(1). "The general rule is that an appeal lies only from a final judgment," *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812

---

[1]The partial judgment also incorporated the court's October 2007 order dismissing the original complaint; however, that order was not included in the notice of appeal and consequently is not at issue here.

P.2d 1119, 1122 (App. 1991), that "'dispose[s] of all claims and all parties,'" *Santa Maria v. Najera*, 222 Ariz. 306, ¶ 5, 214 P.3d 394, 395 (App. 2009), *quoting Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981). The requirement that a judgment be final before an appeal may lie arises from a public policy preference that cases not be decided "in a piecemeal fashion." *Davis*, 168 Ariz. at 304, 812 P.2d at 1122; *Robinson v. Kay*, 225 Ariz. 191, ¶ 4, 236 P.3d 418, 419 (App. 2010).

¶8        By virtue of Rule 54(b), however, a party may appeal from a ruling that disposes of fewer than all parties or claims "upon an express determination [by the trial court] that there is no just reason for delay and upon an express direction for the entry of judgment." But in order for the court to direct entry of a final judgment under Rule 54(b), its ruling must actually dispose of "one or more, but not all, of the multiple claims." *Davis*, 168 Ariz. at 304, 812 P.2d at 1122. In other words, the court's order must result in "'an ultimate disposition of an individual claim.'" *Id.*, *quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956).[2]

¶9        We review a trial court's Rule 54(b) determination *de novo*. *Davis*, 168 Ariz. at 304, 812 P.2d at 1122. "Rule 54(b) certification does not give this court jurisdiction to decide an appeal if the judgment in fact is not final, i.e., did not dispose of at least one separate claim of a multi-claim action." *Id.*; *see Sisemore v. Farmers Ins. Co. of Ariz.*, 161 Ariz. 564, 565, 779 P.2d 1303, 1304 (App. 1989) ("The insertion of Rule

_____

[2]This appeal does not implicate the provisions of Rule 54(b) relating to multiple-party litigation.

54(b) language only acts to make an order or judgment final and immediately appealable if the judgment completely disposes of an entire claim."). Accordingly, although the order appealed from is styled as a "Partial Judgment" and contains a Rule 54(b) certification, we must still examine it in detail to determine whether it actually disposes of any claim.

¶10 The language of the partial judgment itself does not purport to dispose of any claim; that is, it does not itself grant relief to either party in any form. Instead, it incorporates by reference three of the court's prior orders or minute entries relevant to this appeal, and provides,

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:
>
> . . . .
>
> The legal and factual determinations made . . . in numbered Paragraphs 1 through 7 and Paragraphs 9 through 12 of the Minute Entry dated March 19, 2007, [*sic*] are incorporated in this Judgment, constitute the law of the case, and are binding on the parties as a matter of law.
>
> The legal and factual determinations of this Court set forth in the Minute Entry Orders of July 19, 2011, and August 17, 2011, are binding on the parties as a matter of law.

We therefore look to these prior orders to determine if any of them is independently final and appealable.

¶11 The March 19, 2008, minute entry grants the district's request for an order of immediate possession of the disputed property. Both this court and our supreme court have held that an order of immediate possession is not directly appealable because it is

6

not a final judgment. *Rogers v. Salt River Project Agric. Improvement & Power Dist.*, 110 Ariz. 279, 517 P.2d 1275 (1974); *Cordova v. City of Tucson*, 15 Ariz. App. 469, 470-71, 489 P.2d 727, 728-29 (1971); *see also Bailey v. Myers*, 206 Ariz. 224, ¶ 8, 76 P.3d 898, 900 (App. 2003) (special action provides only relief from order of immediate possession). This rule is further supported by A.R.S. § 12-1116(O), which anticipates that additional proceedings will be held after entry of an order of immediate possession and before entry of a final judgment.[3] The order of immediate possession therefore is not a final judgment. And, because "[a] trial court's Rule 54(b) certification does not give this court jurisdiction to decide an appeal if the judgment in fact is not final," we lack jurisdiction to review the order of immediate possession or the findings it contains, notwithstanding the trial court's inclusion of Rule 54(b) language in the partial judgment. *Davis*, 168 Ariz. at 304-05 & 305, 812 P.2d at 1122-23 & 1123; *see also Musa*, 130 Ariz. at 313, 636 P.2d at 91 (summary judgment ruling disposing of legal theories but no claims not final and appealable, notwithstanding trial court's Rule 54(b) certification).

¶12        In its July 2011 minute entry, the trial court took the district's motion *in limine* under advisement but made two findings that LPPOA challenges in this appeal. First, the court concluded that the district "could acquire the property at issue in fee simple and then grant an easement to [LPPOA], and that such a transaction is not a

---

[3]Section 12-1116 outlines the procedures for obtaining an order of immediate possession. Subsection (O) provides: "Any stipulation that is made or any evidence that is introduced pursuant to this section shall not be introduced in evidence or used to the prejudice of any party in interest on the trial of the action."

substitution for the monetary compensation required by Article 2 § 17 of the Arizona Constitution, but rather is a cost to cure the severance damages caused by the taking." The court additionally found that "the transfer of an easement from the [district] to [LPPOA] for purposes of ingress and egress by the homeowners does not violate A.R.S. [§] 15-342[(10)]."[4] These findings do not dispose of any claim. *See Musa*, 130 Ariz. at 313, 636 P.2d at 91. Indeed, the July 2011 minute entry does not even reflect a ruling on any pending motion. Consequently, the minute entry is not a final judgment from which an appeal may lie.

¶13        Finally, the August 2011 under-advisement ruling granted the district's motion *in limine*, which sought to preclude LPPOA's expert witness from testifying about severance damages because his opinion was "based entirely on the assumption that the District may not convey to LPPOA an easement to continue to use the property to be condemned." The court reaffirmed its preliminary findings from the July 2011 minute entry and determined,

> Because [the expert] was told to assume [the district] lacked authority to give [LPPOA] an easement and just compensation cannot be reduced by a non-monetary asset such as a conveyance of a deed of easement, he did not rely on the proposed form of easement in reaching his opinion of value nor did he prepare an alternative analysis should the legal assumptions prove incorrect.

---

[4]Section 15-342(10) limits a school district's power to "sell school sites or enter into leases or lease-purchase agreements for school buildings and grounds" by requiring that certain transfers be approved by the district's electors.

The court concluded, "An expert opinion based on incorrect legal assumptions will not assist the trier of fact to understand the evidence or determine a fact at issue as required by Ariz. R. Evid. 702," and consequently precluded the expert's testimony. The court, however, granted LPPOA leave to obtain a revised valuation in light of its ruling. Thus, although the court's ruling on the district's motion limited the evidence LPPOA would be able to present at trial, that ruling did not dispose of any claim and thus cannot be considered a final judgment. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, ¶ 24, 13 P.3d 763, 771 (App. 2000) (characterizing motion *in limine* ruling as pretrial, interlocutory order).

¶14 Neither the judgment nor any of the incorporated orders constitutes a final judgment in the case. Accordingly, Rule 54(b) certification was unwarranted, and we lack jurisdiction to consider this appeal pursuant to § 12-2101(A)(1).

**A.R.S. § 12-2101(A)(6) and *Bilke v. State***

¶15 Both parties argue, in the alternative, that we have jurisdiction pursuant to § 12-2101(A)(6), which allows appeals from certain non-final judgments: "An appeal may be taken to the court of appeals from the superior court . . . [f]rom an interlocutory judgment that determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery." Relying on *Bilke*, 206 Ariz. 462, 80 P.3d 269, LPPOA claims we have jurisdiction because the partial judgment entered in this case "effectively resolves all issues except the amount of damages."

9

**¶16**      In *Bilke*, our supreme court considered the previous version of this provision, then found at § 12-2101(G), *see* 1973 Ariz. Sess. Laws ch. 75, § 10, and held that "interlocutory judgments can be appealed under § 12-2101(G) when the trial judge has signed an order that contains language indicating that the judgment is a final determination of the rights of the parties and the only remaining issue is the amount of recovery."[5] 206 Ariz. 462, ¶ 1, 80 P.3d at 270. The court explained that "appealability under § 12-2101(G) turns not on the finality of the judgment, but on the finality of the liability decision and the trial court's discretionary finding that an appeal should lie in the particular case" and suggested that "Rule 54(b) certification, while not necessary, would satisfy the finality requirement." *Id.* ¶ 23.

**¶17**      The district agrees that § 12-2101(A)(6) confers jurisdiction and argues that *Bilke* has implicitly abrogated this court's decision in *Cordova*, 15 Ariz. App. 469, 489 P.2d 727 (1971), which held that orders of immediate possession are not appealable under former § 12-2101(G). But neither party cites or acknowledges *Rogers v. Salt River Project Agricultural Improvement & Power District*, in which our supreme court followed *Cordova* and held that an order of immediate possession is not appealable

---

[5]Section 12-2101(G) has been renumbered § 12-2101(A)(6). *See* 2011 Ariz. Sess. Laws ch. 304, § 1. Apart from a minor grammatical difference, the two provisions are identical. *Id.*

because appellate courts lack "legislative authorization for allowing such an appeal prior to the final judgment." 110 Ariz. at 280, 517 P.2d at 1276.[6]

¶18 Although *Bilke* is the more recent case, we conclude that *Rogers* controls. The *Bilke* court presumably was aware of its holding in *Rogers* and could have overruled it, but it did not do so. *See City of Phoenix v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 378, 868 P.2d 958, 961 (App. 1993) ("Whether prior decisions of the Arizona Supreme Court are to be disaffirmed is a question for that court."). And *Rogers*, which specifically holds that orders of immediate possession are not appealable under the predecessor to § 12-2101(A)(6), is squarely on point with the present case, whereas *Bilke* involved an appeal from a summary judgment ruling, did not involve an order of immediate possession, and articulated a more general rule. *Compare Rogers*, 110 Ariz. at 280, 517 P.2d at 1276, *with Bilke*, 206 Ariz. 462, ¶¶ 1, 4, 80 P.3d at 270; *cf. Clouse ex rel. Clouse v. State*, 199 Ariz. 196, ¶ 11, 16 P.3d 757, 760 (2001) (established axiom that where both general and specific constitutional provisions relate to same subject, specific provision controls). Thus, although *Bilke* may have application beyond its specific facts, we find controlling the express holding in *Rogers* that an order of immediate possession "'does not qualify as an appealable interlocutory judgment'" under § 12-2101(A)(6). *Rogers*, 110 Ariz. at 280, 517 P.2d at 1276, *quoting Cordova*, 15 Ariz. App. at 471, 489 P.2d at 729 (internal quotations omitted). Nor do we have jurisdiction over the July and August

---

[6]We observe that this has long been the rule in Arizona. *See De Hansen v. Dist. Court*, 11 Ariz. 379, 383, 94 P. 1125, 1126 (Terr. 1908) (order of immediate possession "unquestionably not directly appealable" under Ariz. Civ. Code, § 1214 (1901)).

11

2011 orders under § 12-2101(A)(6) because neither is a final determination of the rights of the parties that leaves only the issue of recovery to be determined. *See Bilke*, 206 Ariz. 462, ¶ 1, 80 P.3d at 270. Accordingly, we conclude that we also lack jurisdiction over the partial judgment as an interlocutory judgment pursuant to § 12-2101(A)(6).

¶19 LPPOA requests that in the event we find we lack jurisdiction, we remand this matter to the trial court "for the limited purpose of supplementing the record or the Trial Court's findings to correct any technical deficiency." However, for the reasons discussed above, we conclude the deficiency in the judgment is more than merely technical and the jurisdictional defect cannot be cured by the limited remand LPPOA proposes.

### Special-Action Jurisdiction

¶20 In certain cases where we lack appellate jurisdiction, we have nevertheless elected to assume special-action jurisdiction over a matter brought as a direct appeal. *See, e.g.*, *Grand v. Nacchio*, 214 Ariz. 9, ¶ 25, 147 P.3d 763, 772 (App. 2006); *Danielson v. Evans*, 201 Ariz. 401, ¶ 35, 36 P.3d 749, 759 (App. 2001); *Lloyd v. State Farm Mut. Auto. Ins. Co.*, 189 Ariz. 369, 374-75, 943 P.2d 729, 734-35 (App. 1996). In special actions, we decide whether to exercise jurisdiction after considering various well-established factors, including whether there exists an "equally plain, speedy, and adequate remedy by appeal," *see W. Pinal Family Health Ctr., Inc. v. McBryde*, 162 Ariz. 546, 547, 785 P.2d 66, 67 (App. 1989), and whether the case "presents a purely legal question on an issue of statewide importance," *Ariz. Dep't of Econ. Sec. v. Superior*

12

*Court*, 186 Ariz. 405, 407, 923 P.2d 871, 873 (App. 1996). Both parties request that we accept special-action jurisdiction in the event we find we lack appellate jurisdiction, but neither party explains how this case satisfies the criteria described above apart from a generalized argument by the district that special-action review would promote judicial economy. *See* Ariz. R. P. Spec. Actions 7(e) (special-action petition shall include jurisdictional statement). And our own review does not demonstrate that this case merits the exercise of our extraordinary jurisdiction. *See Nataros v. Superior Court*, 113 Ariz. 498, 499, 557 P.2d 1055, 1056 (1976) ("A special action requests extraordinary relief which is usually granted only where justice cannot be satisfactorily obtained by other means.").

**¶21** First, we have already declined to exercise jurisdiction over a previous petition for special action, filed in 2008, from the same order of immediate possession at issue here, which petition raised many of the same issues as are now presented.[7] Even assuming, without deciding, that a subsequent petition for special action challenging the same ruling as a previous petition would not be categorically barred, the amount of time that has passed since the order was entered—four years in this case—weighs heavily against our exercising extraordinary jurisdiction to review it now. *See Anserv Ins. Servs., Inc. v. Albrecht*, 192 Ariz. 48, ¶¶ 10-11, 960 P.2d 1159, 1161 (1998) (finding petition

---

[7]Although the record in this case does not contain the special-action petition, we take judicial notice of the petition, which is contained in this court's records for case number 2 CA-SA 2008-0028. *See In re Sabino R.*, 198 Ariz. 424, ¶ 4, 10 P.3d 1211, 1212 (App. 2000) (court may properly take judicial notice of its own records).

meritorious but denying relief because of petitioner's extensive delay in filing special action); *State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 77, 796 P.2d 876, 879 (1990) ("One of the equitable considerations involved in accepting special action jurisdiction is a petitioner's showing of a need for speedy relief . . . .").

¶22 And, although we occasionally accept special-action jurisdiction to review rulings on motions *in limine*, *see, e.g.*, *Ariz. Dep't of Econ. Sec.*, 186 Ariz. 405, 923 P.2d 871, we decline to exercise such jurisdiction here because review of the ruling on the motion *in limine* will be available, and we believe more appropriately conducted, on appeal from an eventual final judgment. *See* A.R.S. § 12-2102(A); *see also Yauch v. S. Pac. Transp. Co.*, 198 Ariz. 394, ¶ 10, 10 P.3d 1181, 1186 (App. 2000) (reviewing trial court's motion *in limine* ruling on appeal); *Larsen v. Decker*, 196 Ariz. 239, ¶¶ 6-8, 995 P.2d 281, 283 (App. 2000) (reviewing trial court's evidentiary rulings on appeal); *Stapert v. Ariz. Bd. of Psychologist Exam'rs*, 210 Ariz. 177, ¶ 21, 108 P.3d 956, 961 (App. 2005) (special-action jurisdiction reserved for "extraordinary circumstances" and "not available 'where there is an equally plain, speedy, and adequate remedy by appeal'"), *quoting State ex rel. Romley v. Fields*, 201 Ariz. 321, ¶ 4, 35 P.3d 82, 84 (App. 2001).

¶23 Finally, although the briefs raise issues of law, a consideration that supports accepting special-action jurisdiction, neither party explains, nor do we see, how these issues are of statewide importance. *See Ariz. Dep't of Econ. Sec.*, 186 Ariz. at 407, 923 P.2d at 873. For all the foregoing reasons, we decline to exercise special-action jurisdiction in this matter. *See Robinson*, 225 Ariz. 191, ¶ 7, 236 P.3d at 420.

14

**Conclusion**

**¶24**        Because the partial judgment appealed from is neither a final judgment, *see* § 12-2101(A)(1), nor an interlocutory order appealable under § 12-2101(A)(6), this court lacks appellate jurisdiction.  Furthermore, we decline to exercise discretionary, special-action jurisdiction because LPPOA has failed to show that this matter satisfies the criteria governing our acceptance of such jurisdiction.  Accordingly, the appeal is dismissed and the case is remanded to the superior court for further proceedings.

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

15