NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ERIC NADDY and TERESA NADDY, a married couple, *Petitioners*,

*v.*

THE HONORABLE JAY ADLEMAN, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

TOWN OF GILBERT, a government entity; MARICOPA COUNTY, a
political subdivision of the State of Arizona, *Real Parties in Interest.*

No. 1 CA-SA 24-0107

FILED 07-11-2024

---

Petition for Special Action from the Superior Court in Maricopa County
No. CV2024-000090
The Honorable Jay R. Adleman, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

Degnan Law Group, Phoenix
By Mark W. Horne and Sarah N. Langtry
*Counsel for Petitioners*

Dickinson Wright PLLC, Phoenix
By James T. Braselton, Vail C. Cloar, and Alexandra Crandall
*Counsel for Real Parties in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

---

**M c M U R D I E**, Judge:

¶1        Petitioners Eric and Teresa Naddy seek special action relief from the superior court's order denying their preliminary injunction and granting the Real Parties in Interest's application for order of immediate possession. We accept jurisdiction but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        The Naddys own about 2.4 acres of property in an unincorporated part of Maricopa County. They own a 2,640-square-foot home on the property.

¶3        In February 2022, Real Parties in Interest the Town of Gilbert ("Town") and Maricopa County ("County") entered an intergovernmental agreement about a road widening project in the Town. The Town wished to improve Ocotillo Road, but portions of the project area were within unincorporated parts of the County. So the County agreed to help the Town acquire property within the unincorporated parts of the County that the Town could not obtain. The Town and the County agreed that acquiring the property for the road-widening project would "serve the public good."

¶4        The road-widening project would impact the Naddys' property. The Naddys sought injunctive and declaratory relief, asking the court to stop the project and declare it unlawful for the Town to exercise eminent domain power over their property. The Town and the County counterclaimed with a condemnation action and applied for an order of immediate possession of the property necessary for the project. The Town needed a 12-foot-wide land strip along the Naddys' property. The Town and the County sought to acquire 4,480 square feet of the Naddys' property for a right-of-way on Ocotillo Road and a temporary right to use another 4,071 square feet during the construction.

¶5        The Naddys argued that the Town and the County could not accomplish the road project through an intergovernmental agreement.

They also asserted that the eminent domain action was unnecessary because the project sought a wider land strip than the Town needed.

¶6        The superior court held an evidentiary hearing.[1] The superior court found there was "no meaningful dispute" that the Town and the County could take the property for the road project, and the record demonstrated that they both acted within their statutory authority to initiate an eminent domain action.

¶7        The court also found that the taking was "intended for a valid public use," and the record demonstrated that the taking was necessary for the project. The court rejected the Naddys' argument that the selected right-of-way width was unnecessary because there was "uncontradicted testimony" that the chosen width served "legitimate purposes including but not limited to (1) enhanced visibility for pedestrians and motorists; (2) improved response times for emergency vehicles; and (3) safe maintenance associated with underground utilities."

¶8        Thus, the court granted the application for an immediate possession order and denied the Naddys' injunction application. The Naddys petitioned this court for special action relief, and we denied their requests to stay the superior court proceedings.

## DISCUSSION

¶9        Special action jurisdiction may be appropriate if the petitioner has no "equally plain, speedy, and adequate remedy by appeal." *See* Ariz. R.P. Spec. Act. 1(a). We accept special action jurisdiction because the superior court's immediate possession order is not appealable. *See Catalina Foothills Unified Sch. Dist. No. 16 v. La Paloma Prop. Owners Ass'n*, 229 Ariz. 525, 529, 531, ¶¶ 11, 18 (App. 2012); *see also Bailey v. Myers*, 206 Ariz. 224, 226, ¶ 8 (App. 2003) (The only adequate remedy for an immediate possession order is through special action relief.). The Naddys' challenge to the Town and the County's authority to condemn the property involves

---

[1]        The Naddys did not provide this court with the evidentiary hearing transcript, nor the exhibits submitted during the hearing. We assume that "the missing portions of the record would support the trial court's findings and conclusions." *See State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003); *see also J.F. v. Como*, 253 Ariz. 400, 405-06, ¶ 31 (App. 2022) (Petitioner failed to provide evidentiary hearing transcripts, so the court presumed the transcripts supported the superior court's ruling.).

statutory interpretation and is of statewide importance. *See State v. LaBianca*, 254 Ariz. 206, 208-09, ¶ 5 (App. 2022).

**¶10** The Naddys argue that the superior court erred by denying them relief because the intergovernmental agreement does not give the Town the authority to condemn their property, and the property sought is unnecessary for the project's purposes. We review statutory interpretation questions *de novo*. *City of Surprise v. Ariz. Corp. Comm'n*, 246 Ariz. 206, 210, ¶ 10 (2019). But we defer to the superior court's factual findings unless they are clearly erroneous. *Town of Marana v. Pima County*, 230 Ariz. 142, 152, ¶ 46 (App. 2012).

**A. The Town and the County Have the Authority to Obtain Property for the Road-Widening Project.**

**¶11** The Naddys argue that the Town and the County lack the authority to condemn the Naddys' property. The eminent domain power belongs to the State. *Orsett/Columbia L.P. v. Superior Court*, 207 Ariz. 130, 132, ¶ 8 (App. 2004). But the legislature has delegated the eminent domain power to political subdivisions for limited purposes. *Id.* The County and the Town may exercise eminent domain power for "[r]oads, streets and alleys, and all other public uses for the benefit of a county, city, town or village, or the inhabitants thereof, which is authorized by the legislature." A.R.S. § 12-1111(6). The taking must be necessary for the intended public use. *See* A.R.S. § 12-1112(2); Ariz. Const. art. 2, § 17.

**¶12** Municipalities can only condemn property outside their municipal limits if the legislature clearly and unequivocally grants such authority. *See City of Phoenix v. Harnish*, 214 Ariz. 158, 162, ¶ 14 (App. 2006). In the intergovernmental agreement, the Town and the County conceded that the Town's authority to condemn property for the project is limited to property within the Town's limits. Based on this understanding, the Town sought the County's assistance to obtain property rights to the unincorporated parts of Ocotillo Road. The Town and the County have cited no statute authorizing towns to exercise eminent domain power over property outside town limits. *See id.* But the County may condemn property for "[r]oads, streets and alleys," *see* A.R.S. § 12-1111(6), and the Naddys' property is on unincorporated County land. Because the Town lacked the authority to condemn the Naddys' property independently, we consider whether the intergovernmental agreement authorized the County and the Town to work together to complete the road-widening project.

¶13     Two or more public agencies "may contract for services or jointly exercise any powers common to the contracting parties and may enter into agreements with one another for joint or cooperative action." A.R.S. § 11-952(A); *see also* A.R.S. § 11-951 (Counties and towns are public agencies.). But the authority to enter into agreements does not allow a public agency to exercise a power that the legislature has not granted. *See* A.R.S. § 11-954 ("[N]othing contained in this article shall be so construed as to authorize any public agency to exercise any power . . . that such public agency is not authorized to exercise or engage in pursuant to other provisions of law.").

¶14     The Naddys assert that Section 11-952(A) allows public agencies to contract only for specific actions that both agencies have the authority to complete. They argue the intergovernmental agreement is improper because the Town lacks the authority to condemn property in unincorporated Maricopa County. Thus, the Town and the County did not contract to exercise "powers common to the contracting parties." *See* A.R.S. § 11-952(A). But the Town and the County argue the agreement is valid because both agencies have statutory authority to condemn property for "[r]oads, streets and alleys," and the intergovernmental agreement "further[ed] their joint or cooperative endeavor . . . to exercise their powers of eminent domain to ensure the project's completion." *See id.*; A.R.S. § 12-1111(6).

¶15     We reject the Naddys' narrow interpretation of Section 11-952(A). Section 11-952(A) authorizes public agencies to contract for services or jointly exercise common powers and enter into joint or cooperative action agreements. The statute does not require that each agency have independent authority to take every action contemplated in the agreement. *See* A.R.S. § 11-952(A).

¶16     A.R.S. § 11-952(A) allowed the Town and the County to enter an intergovernmental agreement for their cooperative efforts to widen a road crossing through both of their jurisdictions. The Town and the County may exercise eminent domain power for roads and streets on properties within their municipal limits when necessary. *See* A.R.S. §§ 12-1111(6), 12-1112. The Town and the County executed an agreement for "cooperative action"—they would each exercise a power they have in common, the condemnation power, to obtain the requisite property within their municipal limits and complete a project that benefitted the public. *See* A.R.S. § 11-952(A).

¶17        The Naddys state that *Home Builders Association of Central Arizona v. City of Apache Junction* supports their position. *See* 198 Ariz. 493 (App. 2000). The Naddys claim the facts in *Home Builders* are like the facts here because in both cases, "a less powerful government cannot take something it wants . . . so it asks a more powerful government to do the taking and then hand it over to the lesser government." But *Home Builders* is distinguishable. In *Home Builders*, a city and a school district entered into an intergovernmental agreement in which the city would transfer funds obtained from an enacted ordinance to the school district. *Id.* at 495, ¶¶ 2-3. The court did not reach the validity of the intergovernmental agreement because it concluded that the city had no statutory authority to enact the ordinance. *See id.* at 495, 503, ¶¶ 1, 32. Unlike the city in *Home Builders*, the County has the authority to complete the services it agreed to perform. *See id.* When necessary, it may condemn property in Maricopa County for roads, streets, and alleys. *See* A.R.S. §§ 12-1111(6), 12-1112.

¶18        Section 11-954 does not bar the condemnation action. The Naddys argue the intergovernmental agreement impermissibly expands the Town's eminent domain powers to property outside Town limits. *See* A.R.S. § 11-954. But neither the Town nor the County exceeded its statutory authority. The Town and the County could agree that the County would obtain the requisite property on unincorporated County land. *See* A.R.S. § 11-952(A). The County can condemn County property for the road-widening project. *See* A.R.S. § 12-1111(6). The condemnation action was valid because the County could condemn the Naddys' property, and the Town could execute an agreement with the County for cooperative action. *See id.*; A.R.S. § 11-952(A).

**B.        The Superior Court Did Not Err by Finding that the Taking Was Necessary for the Project's Successful Completion.**

¶19        The Naddys argue that their property is unnecessary for the road-widening project, and "[s]ufficient road improvement construction could take place with less, or none of, [their property]."

¶20        At a hearing on an immediate possession application, the superior court considers the need for property condemnation and the probable damages to the property owner. *See* A.R.S. § 12-1116(H); *Town of Paradise Valley v. Laughlin*, 174 Ariz. 484, 489 (App. 1992). We give weight to legislative declarations of necessity and will not disturb such findings unless they are arbitrary or capricious. *See City of Phoenix v. Superior Court*, 137 Ariz. 409, 411-12 (1983).

¶21        The superior court found, "the record amply demonstrates that the taking of [the Naddys'] property in the manner set forth by [the Town and the County] is necessary for a successful completion of the project," and the Naddys did not meaningfully dispute the necessity evidence. The superior court also found that there was "uncontradicted testimony" illustrating the project's legitimate purposes, such as "(1) enhanced visibility for pedestrians and motorists; (2) improved response times for emergency vehicles; and (3) safe maintenance associated with underground utilities." Without a transcript or hearing exhibits, we assume the record supports the superior court's findings. *See State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003). Thus, we discern no error.

## CONCLUSION

¶22        We accept jurisdiction but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV