IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

LYLE E. ROBINSON and MOLLY A.          )
ROBINSON, husband and wife,            )
                                       )        2 CA-CV 2009-0185
            Plaintiffs/Appellants,     )        DEPARTMENT B
                                       )
            v.                         )        O P I N I O N
                                       )
THOMAS T. KAY and DENA S. KAY,         )
husband and wife,                      )
                                       )
            Defendants/Appellees.      )
                                       )


APPEAL FROM THE SUPERIOR COURT OF SANTA CRUZ COUNTY

Cause No. CV08288

Honorable Anna M. Montoya-Paez, Judge

APPEAL DISMISSED

---

Gregory L. Droeger                                              Nogales
                                       Attorney for Plaintiffs/Appellants


Mesch, Clark & Rothschild, P.C.
  By Douglas H. Clark and David J. Hindman                      Tucson
                                       Attorneys for Defendants/Appellees

---

V Á S Q U E Z, Presiding Judge.

¶1        In this quiet title action, Lyle Robinson and Molly Robinson (the Robinsons) appeal from the trial court's summary judgment in favor of Thomas Kay and Dena Kay (the Kays) on the Robinsons' claim that they had an implied easement to use a roadway over the Kays' property. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

## Factual and Procedural Background

¶2        On appeal from a summary judgment, "we view the facts and all reasonable inferences from them in the light most favorable to the nonmoving party." *Aranda v. Cardenas*, 215 Ariz. 210, ¶ 2, 159 P.3d 76, 78 (App. 2007). The Kays are the owners of the Las Jarrillas Ranch and the Robinsons own the Tres Ballotas Ranch located in Santa Cruz County. The two properties are separated by the Coronado National Forest. Since 1971, the Robinsons had used a roadway that extends across the Kays' property and continues to the community of Arivaca. Beginning in 2007, improvements were made to the roadway, including a detour from its original course. After the Robinsons had learned of the improvements and proposed detour, a dispute arose between the parties concerning the Robinsons' continued use of the roadway.

¶3        In 2008, the Robinsons filed a lawsuit seeking to enforce their use of the roadway and to enjoin the Kays from placing a gate across it. The complaint alleged the Robinsons had a right to use the roadway under alternative theories of easement by implication and prescription. The parties filed cross-motions for summary judgment on count one of the complaint, which alleged the Robinsons had an implied easement to use the roadway. In their motion, the Robinsons characterized the easement by implication

2

claim as one of "two arguments in support of their right to permanently enjoy the right to pass over the original roadway." The trial court denied the Robinsons' motion, granted the Kays' cross-motion and, pursuant to stipulation of the parties, certified its order as a final judgment pursuant to Rule 54(b), Ariz. R. Civ. P. This appeal followed.

## Discussion

¶4 Although neither party has raised the issue, we have an independent obligation in every appeal to ensure we have jurisdiction, *McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, ¶ 4, 202 P.3d 536, 539 (App. 2009), and we must dismiss an appeal over which we lack jurisdiction, *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991). Because "[p]ublic policy is against deciding cases piecemeal," our jurisdiction over appeals generally is "limited to final judgments which dispose of all claims and all parties." *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981); *see also* A.R.S. § 12-2101. However, Rule 54(b) permits a trial court to enter an appealable final judgment on fewer than all of the claims in a case, *Garza v. Swift Transp. Co., Inc.*, 222 Ariz. 281, ¶ 13, 213 P.3d 1008, 1011 (2009), where such judgment "dispose[s] of at least one separate claim of a multi-claim action," *Davis*, 168 Ariz. at 304, 812 P.2d at 1122. We review de novo whether a trial court has appropriately certified a judgment as final and appealable pursuant to Rule 54(b). *Davis*, 168 Ariz. at 304, 812 P.2d at 1122.

¶5 "A party has multiple claims if the factual basis for recovery states different claims that could be separately enforced." *Id*. "'However, when a claimant presents a number of legal theories, but will be permitted to recover only on one of them, his bases

3

for recovery are . . . simply presented in the alternative, and he has only a single claim for relief.'" *Id.* at 304-05, 812 P.2d at 1122-23, *quoting Musa*, 130 Ariz. at 313, 636 P.2d at 91. When a judgment merely disposes of one or more legal theories supporting a single claim, "Rule 54(b) language does not make the judgment final and appealable." *Musa*, 130 Ariz. at 313, 636 P.2d at 91.

**¶6** Easements by prescription and implication are separate legal "theories" supporting the existence of an easement; they do not in themselves constitute separate "claims." *See, e.g.*, *Capstar Radio Operating Co. v. Lawrence*, 152 P.3d 575, 577 (Idaho 2007); *Leisz v. Avista Corp.*, 174 P.3d 481, 484-85 (Mont. 2007); *Hilley v. Lawrence*, 972 A.2d 643, 647 (R.I. 2009); *see also City of Chandler v. Ariz. Dep't of Transp.*, 224 Ariz. 400, ¶ 24, 231 P.3d 932, 939 (App. 2010) (plaintiff's contention it had "prescriptive or implied easement" considered as single claim). The Robinsons acknowledge this action was brought to "quiet title as to a disputed roadway across the Kays' property in both easement by prescriptive use and by implication." Thus, "[t]he [Robinsons] are limited to a single [remedy] against [the Kays] no matter how many theories they may advance." *Davis*, 168 Ariz. at 305, 812 P.2d at 1123. And because their arguments for a prescriptive or implied easement support "only a single claim for relief . . . Rule 54(b) language c[an]not make the summary judgment which the [trial] court entered appealable under A.R.S. § 12-2101(B)." *Musa*, 130 Ariz. at 313, 636 P.2d at 91.

**¶7** Although we lack appellate jurisdiction, we may nevertheless exercise our discretion to accept special action jurisdiction. *See Grand v. Nacchio*, 214 Ariz. 9, ¶¶ 20-21, 147 P.3d 763, 771 (App. 2006). But neither party has requested that we do so, and

4

even though the case raises "questions of law, which are particularly appropriate for special action review," the questions presented do not appear to be issues of first impression or of statewide importance. *See Chartone, Inc. v. Bernini*, 207 Ariz. 162, ¶¶ 8, 9, 83 P.3d 1103, 1106-07 (App. 2004). Moreover, because the Robinsons "may ultimately prevail on the complete action, rendering interlocutory appellate determinations unnecessary," public policy against deciding cases piecemeal does not favor our acceptance of special action jurisdiction. *See Musa*, 130 Ariz. at 312, 636 P.2d at 90; *see also Chartone*, 207 Ariz. 162, ¶ 6, 83 P.3d at 1106 (special action jurisdiction appropriate where "no equally plain, speedy, or adequate remedy by appeal); Ariz. R. P. Spec. Actions 1. We therefore decline to do so.

### Disposition

¶8        For the foregoing reasons, we dismiss this appeal. The Kays request an award of attorney fees and costs pursuant to A.R.S. § 12-1103(B) and, arguing the Robinsons' appeal is frivolous, pursuant to Rule 25, Ariz. R. Civ. App. P. However, given our dismissal of the appeal on jurisdictional grounds, any award of fees pursuant to § 12-1103(B) would be premature. And in our discretion we deny the Kays' request for attorney fees under Rule 25. They did not challenge our jurisdiction of this appeal in their answering brief and, in stipulating to an entry of judgment pursuant to Rule 54(b), they share at least some responsibility for an appeal over which we lack jurisdiction. *See Ariz. Dep't of Revenue v. Gen. Motors Acceptance Corp.*, 188 Ariz. 441, 446, 937 P.2d 363, 368 (App. 1996) ("The determination to award or decline attorney's fees [pursuant to Rule 25] is within this Court's discretion."). But as the prevailing party, the Kays are

entitled to their costs on appeal upon compliance with Rule 21, Ariz. R. Civ. App. P. *See In re Perez*, 71 Ariz. 352, 353, 227 P.2d 385, 385 (1951) (appellee entitled to costs as prevailing party when appeal dismissed).

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge