NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SAILAJA BOYILLA, *Petitioner/Appellant,*

*v.*

NANDA KISHORE BOYILLA, *Respondent/Appellee.*

No. 1 CA-CV 16-0546 FC
FILED 8-3-2017

Appeal from the Superior Court in Maricopa County
No. FC2015-052551
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Sailaja Boyilla, Scottsdale
*Petitioner/Appellant*

Berkshire Law Office, PLLC, Phoenix
By Keith Berkshire, Max Mahoney
*Counsel for Respondent/Appellee*

—————————————————

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

—————————————————

**W I N T H R O P**, Presiding Judge:

**¶1**　　　Sailaja Boyilla ("Wife") appeals the family court's decree of dissolution, challenging discovery sanctions imposed before trial, the decree itself, and subsequent court orders denying her motion for new trial and awarding attorneys' fees to Nanda Kishore Boyilla ("Husband"). For the following reasons, we affirm.

**BACKGROUND**

**¶2**　　　In June 2015, Wife petitioned for legal separation, and Husband counter-petitioned, seeking dissolution of their nineteen-year marriage. Before trial, the parties reached an agreement pursuant to Arizona Rule of Family Law Procedure ("Rule") 69, in which, among other things, the parties agreed Wife would "participate in a private vocational evaluation to be fully paid for by [Husband]."

**¶3**　　　In December 2015, Husband moved to compel Wife to schedule a vocational evaluation with the evaluator he retained. After receiving no response from Wife, the family court granted the motion to compel, ordered Wife to complete the evaluation by February 8, 2016, and granted Husband's related attorneys' fees. When Wife again failed to comply, Husband moved for sanctions pursuant to Rule 65(B). Wife's response to the motion for sanctions claimed, for the first time, that although she did not meet with Husband's evaluator, she had completed a vocational evaluation on November 4, 2015, at the Maricopa County Skills Center. Her response did not include the results of that evaluation.

**¶4**　　　Husband moved for discovery sanctions again, alleging that Wife had failed to respond to interrogatories pertaining to spousal maintenance. Husband asked the court to compel a response or, if Wife did not timely respond, to strike Wife's claim for spousal maintenance pursuant to Rule 65(B)(2)(a) and (c). Husband also requested an award of related

attorneys' fees. Wife filed a handwritten "explanation" stating she was having trouble getting her attorney to cooperate and communicate.

¶5 Husband also filed a Rule 65(C) motion seeking to preclude any evidence not previously disclosed, and alleging that Wife had only disclosed minimal information, much of which related to joint accounts or tax returns already in Husband's possession. Husband again requested attorneys' fees related to the motion.

¶6 Wife's attorney moved to withdraw on April 5, 2016, and at the same time, moved to continue the April 26 trial date. On April 12, the family court declined to continue the trial, finding no good cause, and in a minute entry dated April 18, the court granted Wife's attorney's motion to withdraw. However, this order was not filed until April 22, 2016.

¶7 On April 12, 2016, the family court ruled on Husband's pending requests for sanctions in three separate orders, each signed "as a formal written Order of the Court, pursuant to ARFLP 78(B)." As a sanction for failing to complete the vocational evaluation as ordered, the court precluded Wife's claim for spousal maintenance pursuant to Rule 65(B)(2)(b) and (c), and ordered Wife to pay all of Husband's attorneys' fees related to the vocational evaluation issue.

¶8 The family court also granted Husband's second motion for sanctions regarding Wife's failure to respond to interrogatories. The court gave Wife until April 11, 2016, to respond to Husband's interrogatories, or Wife would be barred from asserting claims for separate property, waste of marital assets, or a valuation of assets different than Husband's valuation. Based upon Wife's failure to respond, the court also accepted as fact that Wife had $70,000 in gold in a safe deposit box to which Husband did not have access, and awarded attorneys' fees to Husband related to Wife's failure to comply with this discovery order. Finally, the court granted Husband's motion to preclude any evidence other than the six items Wife had already disclosed.

¶9 Wife's attorney appeared at trial, unaware the family court had granted his motion to withdraw. The court denied Wife's requests to continue the trial and reconsider the sanctions. After Wife's attorney was excused, Wife proceeded on her own behalf. Soon after trial, but before the decree was entered, Wife retained new counsel and moved for a new trial, arguing that she was denied a fair trial when her attorney was dismissed on the day of trial without prior notice, and she again objected to the sanctions imposed before trial.

¶10        Consistent with the prior sanctions, the dissolution decree did not award spousal maintenance and attributed $70,000 worth of gold to Wife in the property allocation.  The child support order was based upon Husband's full-time employment and did not include any income Husband earned as a realtor.  In a later, signed order, the family court awarded Husband $7,881 in attorneys' fees related, in part, to Wife's failure to provide interrogatory responses and participate in the vocational evaluation.  In yet another signed order, the court denied Wife's motion for new trial, objection to the decree, and motion to stay sale of the residence.  Wife then filed a notice of appeal from the decree and these post-decree orders.

**ANALYSIS**

I.        *Jurisdiction*

        A.        *Timeliness of the Appeal*

¶11        Husband argues the notice of appeal was not filed within thirty days from the entry of the three sanctions orders containing Rule 78(B) language, as required by Arizona Rule of Civil Appellate Procedure ("ARCAP") 9(a).  Husband also contends Wife filed an untimely motion for new trial from the sanctions orders, which, therefore, did not extend the time to file a notice of appeal from the sanctions orders.

¶12        The sanctions orders were filed April 12, 2016, making a motion for new trial due April 27, 2016.  *See* Ariz. R. Fam. Law P. 83(D)(1) (stating that a motion for new trial shall be filed not less than fifteen days after entry of judgment).  Wife's motion for new trial was not filed until May 13, 2016.  Although Wife did not respond to this argument, this court has an independent duty to examine whether it has jurisdiction over matters on appeal.  *Ghadimi v. Soraya*, 230 Ariz. 621, 622, ¶ 7, 285 P.3d 969, 970 (App. 2012).

¶13        Rule 78(B) is analogous to Arizona Rule of Civil Procedure ("Civil Rule") 54.  Both rules provide that the court may direct entry of final judgment in an action presenting more than one claim only upon an express determination that no just reason for delay exists.  *Compare* Ariz. R. Fam. Law P. 78(B), *with* Ariz. R. Civ. P. 54(b).  Therefore, cases interpreting Civil Rule 54(b) are applicable to Rule 78(B).  *See* Ariz. R. Fam. Law P. 1, cmt.  Whether the family court appropriately certified a judgment as final and appealable under Rule 78(B) is a question we review *de novo*.  *Robinson v. Kay*, 225 Ariz. 191, 192, ¶ 4, 236 P.3d 418, 419 (App. 2010) (citing *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991)).

¶14        Like Civil Rule 54(b), Rule 78(B) provides an exception to the public policy against deciding cases in a piecemeal fashion. *See id.* (citing *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981)).  The court may certify a judgment as final and appealable when the judgment disposes of one or more claims in the action. *See* Ariz. R. Fam. Law P. 78(B).  In *Bollermann v. Nowlis*, 234 Ariz. 340, 342, ¶ 12, 322 P.3d 157, 159 (2014), our supreme court held that a post-decree order resolving all issues except the request for attorneys' fees was not final because the order did not include a ruling on attorneys' fees or certify the order as final under Rule 78(B). Viewed in isolation, the court's language could be interpreted to imply that a ruling can be made final simply by the inclusion of Rule 78(B) language, even though other issues remain unresolved. *See also Natale v. Natale*, 234 Ariz. 507, 510, ¶ 11, 323 P.3d 1158, 1161 (App. 2014) ("[T]he family court must 'resolve all issues raised in a post-decree petition before the filing of an appeal . . . *in the absence of a Family Rule 78(B) certification of finality for appeal.*'" (internal citation omitted) (emphasis added)); *In re Marriage of Kassa*, 231 Ariz. 592, 594, ¶ 6, 299 P.3d 1290, 1292 (App. 2013) (holding that an order resolving contempt, spousal maintenance, and arrearages, but not resolving child support and attorneys' fees, was not final and appealable absent a Rule 78(B) determination).

¶15        However, the inclusion of Rule 78(B) language alone does not make a judgment final and appealable; "the certification must also be substantively warranted." *Sw. Gas Corp. v. Irwin ex rel. Cty. of Cochise*, 229 Ariz. 198, 202, ¶ 12, 273 P.3d 650, 654 (App. 2012) (citing *Musa*, 130 Ariz. at 313, 636 P.2d at 91).  Rule 78(B) certification is appropriate only where the judgment disposes of a separate claim. *See Robinson*, 225 Ariz. at 192, ¶ 4, 236 P.3d at 419.  A separate claim is one in which "no appellate court would have to decide the same issues more than once even if there are subsequent appeals." *Sw. Gas*, 229 Ariz. at 202, ¶ 12, 273 P.3d at 654 (citations and brackets omitted).

¶16        In dissolution cases, the issues of property allocation, spousal maintenance, and child support are intertwined and not discrete issues.  To determine an appropriate spousal maintenance award, the court must first consider the property allocated to the parties. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-319(A)(1), (B)(9) (2017).[1]  Child support orders require the court to first determine the appropriate amount of spousal maintenance. *See* A.R.S. § 25-320 app. § 2(C) (2017), Arizona Child Support Guidelines ("Guidelines").  Piecemeal appeals from orders resolving only one of these interrelated

---

[1]        Absent revisions material to our decision after the relevant date, we cite the current version of the statutes.

issues are inefficient and would result in multiple appeals in the same dissolution. Allowing separation of these claims would require the parties to seek a stay of the dissolution proceeding while appealing the issue that became final due to the use of Rule 78(B) language. Alternatively, a trial would proceed on the remaining issues while an appeal proceeded on the issues addressed in the final order. Neither of these alternatives would promote judicial economy. Rule 78(B), like "[Civil] Rule 54(b)[,] is intended to promote judicial economy . . . and is a 'compromise between the policy against interlocutory appeals and the desirability, *in a few cases,* of an immediate appeal to prevent an injustice.'" *See Madrid v. Avalon Care Ctr.-Chandler, L.L.C.*, 236 Ariz. 221, 224, ¶ 8, 338 P.3d 328, 331 (App. 2014) (citations omitted) (emphasis added in *Madrid*).

¶17         The "Order for Discovery Sanctions Re: Mother's Failure to Participate in the Vocational Evaluation" and the "Order for Discovery Sanctions Re: Mother's Failure to Provide Interrogatory Responses" prohibited Wife from seeking spousal maintenance and sole and separate property, arguing Husband wasted marital assets, and proposing any valuation of assets other than Husband's valuation. These orders, unlike the orders in *Bollermann* and *Kassa*, were pre-decree orders. Here, the trial was two weeks away and several issues remained to be litigated, such as parenting time, child support, allocation of retirement accounts and other community assets and debts, and reimbursement disputes, and their resolution was intertwined with the court's rulings on property allocation and spousal maintenance.

¶18         The court improperly included Rule 78(B) language in these pre-decree sanctions orders. The sanctions orders were not final and appealable until the final decree was entered and appealable. Additionally, the court's "Order for Preclusion of Evidence at Trial" merely limited the evidence Wife could present at trial and did not dispose of any claim. A ruling on a motion in limine that precludes evidence from trial is not a final, appealable order. *See Catalina Foothills Unified Sch. Dist. No. 16 v. La Paloma Prop. Owners Ass'n*, 229 Ariz. 525, 530, ¶ 13, 278 P.3d 303, 308 (App. 2012). Therefore, that order is also not a final judgment, despite the Rule 78(B) language. *See id.* Accordingly, Wife filed a timely notice of appeal from the decree and post-decree orders, which addressed the interlocutory sanctions orders.

### B.      *Failure to Cite to the Record or Legal Authority*

¶19         Husband also contends Wife's appeal should be dismissed because she has failed to support her arguments with citations to the record

or relevant legal authority, and she has failed to provide a transcript of the trial proceedings. A party may waive an argument on appeal by failing to cite relevant legal authority as required by ARCAP 13(a)(7). *See Melissa W. v. Dep't of Child Safety*, 238 Ariz. 115, 117-18, ¶ 9, 357 P.3d 150, 152-53 (App. 2015). Additionally, Wife was obligated to make sure the record on appeal contained all transcripts and documents necessary for this court to consider the issues raised on appeal. *See* ARCAP 11(c)(1)(A) (stating that the appellant is responsible for ordering all relevant transcripts). "When a party fails to do so, we assume the missing portions of the record would support the trial court's findings and conclusions." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16, 66 P.3d 70, 73 (App. 2003).

**¶20** Although Wife's reply brief included some citations to the record, she failed to cite relevant legal authority in support of her arguments. Wife also did not order a transcript of the trial to aid in reviewing her appeal.[2] Nonetheless, we decline to dismiss the appeal outright due to the lack of transcripts and failure to cite legal authority, but will address the remaining issues with the presumption that the missing record would support the family court's rulings, *see id.*, and apply waiver where warranted. *See Melissa W.*, 238 Ariz. at 117-18, ¶ 9, 357 P.3d at 152-53.

  II.  *Sanctions Orders*

**¶21** Wife contends the family court improperly entered sanctions against her by denying her claim for spousal maintenance and allocating $70,000 in gold to her. We review the imposition of sanctions under an abuse of discretion standard. *See Zimmerman v. Shakman*, 204 Ariz. 231, 235, ¶ 10, 62 P.3d 976, 980 (App. 2003). "Sanctions for abuses of discovery or disclosure 'must be appropriate, and they must be preceded by due process.'" *Id.* at ¶ 13 (quoting *Montgomery Ward & Co. v. Superior Court (Garcia)*, 176 Ariz. 619, 622, 863 P.2d 911, 914 (App. 1993)).

**¶22** Rule 65(B)(2) states that if a party "fails to obey an order to provide or permit discovery, . . . the court . . . may make such orders in regard to the failure as are just," including orders taking designated facts "to be established for the purposes of the action"; "refusing to allow the disobedient party to support or oppose designated claims or defenses, or

---

2 In requesting an extension to file post-decree motions, Wife's attorney stated she needed time to review the transcript. Thus, it appears a transcript was available, but Wife failed to properly file it in support of her appeal.

prohibiting that party from introducing designated matters in evidence"; and striking part or all of a pleading, dismissing all or part of the action, or entering a default judgment. "The sanction of dismissal is warranted . . . when the court makes an express finding that a party, as opposed to his counsel, has obstructed discovery . . . and that the court has considered and rejected lesser sanctions as a penalty." *Hammoudeh v. Jada*, 222 Ariz. 570, 572, ¶ 6, 218 P.3d 1027, 1029 (App. 2009) (quoting *Wayne Cook Enters. v. Fain Props. Ltd. P'ship*, 196 Ariz. 146, 149, ¶ 12, 993 P.2d 1110, 1113 (App. 1999) (internal citation omitted)). Generally, an evidentiary hearing is needed to determine whether the party or her counsel is responsible for the discovery violation. *Id.* at ¶ 7.

**¶23**        Wife contends the family court did not hold a hearing before imposing sanctions. However, Wife did not object to the court's failure to hold a hearing until her motion for new trial. Issues raised for the first time after trial are deemed waived. *Medlin v. Medlin*, 194 Ariz. 306, 308, ¶ 6, 981 P.2d 1087, 1089 (App. 1999) (citing *Conant v. Whitney*, 190 Ariz. 290, 293, 947 P.2d 864, 867 (App. 1997)). Thus, Wife waived this argument by failing to object until after trial. Wife also failed to cite any legal authority in support of this argument as required by ARCAP 13(a)(7). *See Melissa W.*, 238 Ariz. at 117-18, ¶ 9, 357 P.3d at 152-53.

**¶24**        We conclude the sanctions orders were not an abuse of discretion. When Husband requested sanctions for Wife's failure to participate in the vocational evaluation and provide interrogatory responses, the April trial was imminent. Wife failed to respond to Husband's first motion to compel the vocational evaluation. Moreover, Wife did not inform Husband that she had completed her own evaluation until after the motion to compel. Wife never responded to the motion for sanctions related to her failure to respond to interrogatories[3] or the motion to preclude evidence.[4] Wife's handwritten "explanation" did not provide good cause for her failure to provide the required discovery. The court

---

[3]        The order sanctioning Wife for not responding to interrogatories was filed April 12, which is *after* the April 11 deadline imposed in that order. However, it is unclear if, and if so, exactly when, Wife ever responded to these interrogatories.

[4]        The court signed the order precluding evidence on April 7, 2016, which is before the time had expired for Wife to file a response. Wife had ten days to respond to the motion, which was filed March 30. *See* Ariz. R. Fam. Law P. 35(A)(3); *see also* Ariz. R. Fam. Law P. 4(D). However, it does not appear from the record that Wife ever responded.

expressly found Wife's disclosure violations were intentional, prejudicial to Husband, and without good cause.

**¶25** The family court also imposed lesser sanctions before denying spousal maintenance. The court granted Husband's motion to compel the vocational evaluation and awarded attorneys' fees. The spousal maintenance claim was denied only *after* Wife failed to comply with the earlier order. We affirm the discovery sanctions and the order precluding evidence. *See Roberts v. City of Phoenix*, 225 Ariz. 112, 121, ¶ 31, 235 P.3d 265, 274 (App. 2010) (holding that a court must find the party personally at fault and consider lesser sanctions before imposing the sanction of entering a default judgment for discovery violations).

### III.    *Withdrawal of Wife's Attorney at Trial*

**¶26** The family court granted Wife's attorney's motion to withdraw four days before trial. Several days before that ruling and again the day of the trial, the court denied the accompanying motion to continue the trial. Wife alleges she was prejudiced by the order allowing her attorney to withdraw so close to trial. "Prejudice will not be presumed but must be evident from the record." *Town of Paradise Valley v. Laughlin*, 174 Ariz. 484, 487, 851 P.2d 109, 112 (App. 1992) (citation omitted). Husband contends Wife was not prejudiced because her attorney filed a pretrial statement and submitted exhibits on her behalf before leaving the courtroom on the day of trial. Husband also urges this court to presume the evidence at the trial supports the court's ruling, given Wife's failure to file a transcript.

**¶27** When a party fails to provide a transcript or other documents necessary to consider the issues on appeal, we presume the missing record supports the family court's ruling. *Burton*, 205 Ariz. at 30, ¶ 16, 66 P.3d at 73. Without a transcript, we cannot presume Wife was prejudiced by the denial of a continuance; accordingly, we must affirm the decree.

### IV.    *Attorneys' Fees*

**¶28** Wife contends the family court improperly awarded Husband $7,881 in attorneys' fees related to the denial of Wife's claim for spousal maintenance. The court made this award as a sanction for Wife's failure to participate in the vocational evaluation arranged by Husband and to respond to interrogatories as ordered.

**¶29** Pursuant to Rule 65(A)(4)(a), the court *shall* award attorneys' fees after granting a motion to compel unless the failure to respond was "substantially justified" or "other circumstances make an award of

expenses unjust." In the absence of a transcript, we must presume the record supports a conclusion that Wife failed to establish either exception to the rule mandating an award of attorneys' fees, and therefore affirm the award. *See Burton*, 205 Ariz. at 30, ¶ 16, 66 P.3d at 73.

## V. Property Allocation

**¶30** Wife objects to the allocation of $70,000 in gold bars to her and the order that she reimburse Husband for mortgage payments. We review the property allocation under an abuse of discretion standard. *Davies v. Beres*, 224 Ariz. 560, 562, ¶ 6, 233 P.3d 1139, 1141 (App. 2010). Wife did not object to the lack of evidence supporting the property allocation until after trial. Issues not raised until a motion for new trial are deemed waived. *Medlin*, 194 Ariz. at 308, ¶ 6, 981 P.2d at 1089. Additionally, without a transcript of the trial proceedings, we cannot conclude the court abused its discretion. *See Burton*, 205 Ariz. at 30, ¶ 16, 66 P.3d at 73.

## VI. Child Support Order

**¶31** Wife contends the family court erred in calculating child support based on her monthly income of approximately $2,832 and Husband's monthly income of $8,367. The court expressly declined to attribute any income from Husband's second job, which Wife claimed would have increased his total monthly income to approximately $22,000. We review a child support award for an abuse of discretion, but review *de novo* the trial court's interpretation of the Guidelines. *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6, 49 P.3d 300, 302 (App. 2002).

**¶32** The Guidelines define "gross income" for purposes of child support, stating that it

> includes income from any source, and may include, but is not limited to, income from salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, [and] capital gains . . . . Seasonal or fluctuating income shall be annualized. Income from any source which is not continuing or recurring in nature need not necessarily be deemed gross income for child support purposes.

Guidelines § 5(A). With regard to a second job, the Guidelines state:

> Generally, the court should not attribute income greater than what would have been earned from full-time employment.

10

Each parent should have the choice of working additional hours through overtime or at a second job without increasing the child support award. The court may, however, consider income actually earned that is greater than would have been earned by full-time employment if that income was historically earned from a regular schedule and is anticipated to continue into the future.

The court should generally not attribute additional income to a parent if that would require an extraordinary work regimen. Determination of what constitutes a reasonable work regimen depends upon all relevant circumstances including the choice of jobs available within a particular occupation, working hours[,] and working conditions.

*Id.*

**¶33**        The Guidelines allow "an already full-employed parent to work extra hours or a second job without thereby incurring an *increased* support obligation," but do not "entitle a parent who continues to work the same schedule as he or she consistently worked during the marriage to a *decreased* support obligation." *McNutt*, 203 Ariz. at 31-32, ¶ 14, 49 P.3d at 303-04 (citation omitted) (emphasis in original).

**¶34**        In the absence of a transcript from the trial, we presume the evidence supported the implicit conclusion that income from Husband's second job was not historically earned from a regular schedule, expected to continue, or otherwise appropriate to include as income. *See* Guidelines § 5(A); *Burton*, 205 Ariz. at 30, ¶ 16, 66 P.3d at 73. Accordingly, we cannot say the family court abused its discretion. Further, the income attributed to Wife is supported by the pay stub admitted as a trial exhibit. Therefore, we affirm the child support order.

*VII.      Attorneys' Fees and Costs on Appeal*

**¶35**        Contending that Wife has taken unreasonable positions, Husband requests an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324 (2017). In the exercise of our discretion, we deny Husband's request for attorneys' fees on appeal. However, as the successful party on appeal, Husband is entitled to an award of his taxable costs on appeal upon compliance with ARCAP 21. *See* A.R.S. § 12-342 (2016).

**CONCLUSION**

¶36       The family court's sanctions orders, decree, and post-decree orders are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA