NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GISELLE SALINAS, et al.,
*Appellants*,

*v.*

JASON THOMAS, et al.,
*Appellees*.

No. 1 CA-CV 21-0503
FILED 5-24-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-011507
CV2020-095178
The Honorable Daniel G. Martin, Judge

**DISMISSED**

COUNSEL

The Calhoun Law Firm, PLC, Chandler
By S. Jay Calhoun
*Counsel for Appellants*

Hassett Glasser, PC, Phoenix
By Myles P. Hassett, Jamie A. Glasser, David R. Seidman
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1　　　　Appellants Giselle and Danielle Salinas ("Buyers") challenge (1) the superior court's sanctions award to Appellees Jason Thomas and Iannitelli Marcolini, P.C. (collectively "Attorneys") under A.R.S. § 12-349, and (2) the denial of their motion to disqualify Attorneys from representing Richard and Petra Salinas ("Sellers") in this litigation. The award followed Buyers' voluntary dismissal of their counterclaims against Attorneys without prejudice. Because neither voluntary dismissal nor a fee award stemming from a voluntary dismissal constitutes a final, appealable judgment, we conclude the superior court improperly certified the award under Arizona Rule of Civil Procedure ("Rule") 54(b) and dismiss this appeal for lack of jurisdiction.

**FACTS AND PROCEDURAL BACKGROUND**

¶2　　　　Buyers and Sellers entered into a purchase agreement for a Mexican restaurant in Glendale. They later filed competing lawsuits disputing whether Buyers had fulfilled their obligations under the agreement. Attorneys represented Sellers in both lawsuits.

¶3　　　　In the action filed by Sellers, Buyers asserted counterclaims against both Sellers and Attorneys. As relevant to this appeal, Buyers alleged Attorneys aided and abetted Sellers in breaching their duty of good faith and fair dealing, committing fraud, and evading taxes.

¶4　　　　The superior court consolidated the two lawsuits. Shortly thereafter, Buyers moved to disqualify Attorneys from representing Sellers, contending (1) as named parties, they could not represent other named parties, and (2) Buyers "viewed [Attorneys] as . . . the family attorney and believed them to be their attorney." Attorneys, through separate counsel, opposed Buyers' disqualification motion and moved to dismiss the counterclaims against them.

¶5　　　　After briefing was completed on both motions, Buyers filed an amended answer and counterclaims, without seeking leave of court, in

which they removed the counterclaims against Attorneys. The superior court denied Buyers' motion to disqualify and struck the proposed amended counterclaims. Buyers then voluntarily dismissed the counterclaims against Attorneys without prejudice under Rule 41(c), rendering Attorneys' motion to dismiss moot.

¶6 Attorneys applied to recover attorney fees under A.R.S. §§ 12-341.01(A) and 12-349, attaching a declaration from their counsel and a "summary statement" of the total fees billed. One day later, Attorneys filed a supplemental declaration of counsel and an itemized fee statement, which Buyers moved to strike as untimely. The court denied the motion to strike and sanctioned Buyers and their counsel jointly and severally under § 12-349, finding that they had "(1) brought claims against the Attorneys without substantial justification, (2) brought claims against the Attorneys primarily for harassment, and (3) brought claims against the Attorneys that unreasonably expanded these proceedings."

¶7 Buyers moved for reconsideration, which the court denied. The court then entered a Rule 54(b) final judgment on the sanctions award over Buyers' objections. Buyers timely appealed.[1]

**DISCUSSION**

¶8 We have an independent duty to determine whether we have jurisdiction over an appeal. *Dabrowski v. Bartlett*, 246 Ariz. 504, 511, ¶ 13 (App. 2019). Consistent with that duty, we directed the parties to address the propriety of the superior court's Rule 54(b) certification in their appellate briefs. We review the superior court's decision to certify the judgment under Rule 54(b) de novo. *Dabrowski*, 246 Ariz. at 511, ¶ 13.

¶9 Our appellate jurisdiction generally is "limited to final judgments which dispose of all claims and all parties." *Robinson v. Kay*, 225 Ariz. 191, 192, ¶ 4 (App. 2010) (quoting *Musa v. Adrian*, 130 Ariz. 311, 312 (1981)). Rule 54(b) creates an exception under which the superior court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay and recites that the judgment is entered under Rule 54(b)."

---

[1] Buyers' counsel did not appeal. We therefore lack jurisdiction to consider whether the award against her was proper. *See Abril v. Harris*, 157 Ariz. 78, 81 (App. 1987) ("[A]n attorney against whom attorney's fees have been imposed can appeal from that part of the judgment affecting him.").

**¶10**        Attorneys contend Rule 54(b) certification was proper because the judgment resolved "all matters between [Buyers] and the Attorneys." *See Sw. Gas Corp. v. Irwin*, 229 Ariz. 198, 202, ¶ 10 (App. 2012) ("By permitting trial courts to certify a judgment as final and appealable as to one but not all parties, the rule essentially allows that piece of the case to be severed from the rest."). We disagree because Buyers voluntarily dismissed the counterclaims against Attorneys without prejudice. *See McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 75, ¶ 10 (App. 2009) (finding claims had not been "finally resolved" when the court dismissed the lawsuit without prejudice). We have previously held that an order granting voluntary dismissal without prejudice is not a final, appealable judgment. *See Grand v. Nacchio*, 214 Ariz. 9, 15, ¶ 12 (App. 2006) (citing *R.L. Harris & Co. v. Houck*, 22 Ariz. 340, 341 (1921)). No order was necessary here because Attorneys did not file a responsive pleading and Buyers' notice of voluntary dismissal was effective upon filing. Ariz. R. Civ. P. 41(c); *Cheney v. Superior Court*, 144 Ariz. 446, 447 n.2 (1985). And we see no reason to treat a notice of voluntary dismissal under Rule 41(c) differently than an order granting voluntary dismissal.

**¶11**        We also generally lack jurisdiction to review an attorney fee award entered in conjunction with a dismissal without prejudice. *Kool Radiators, Inc. v. Evans*, 229 Ariz. 532, 535, ¶ 10 (App. 2012). We may, however, accept special-action jurisdiction to review the award if Buyers have no plain, speedy, or adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a); *City of Surprise v. Ariz. Corp. Comm'n*, 246 Ariz. 206, 209, ¶ 6 (2019). Buyers urge us to do so, contending their appeal raises "predominantly, although not exclusively, purely legal issues." While they contend the court erroneously applied each subsection of § 12-349(A), and raise a compelling argument that the court did not enter specific reasons for the award as required by § 12-350, we do not reach the merits of these challenges as they do not present purely legal issues of first impression or of statewide importance justifying the exercise of special-action jurisdiction. *Catalina Foothills Unified Sch. Dist. No. 16 v. La Paloma Prop. Owners Ass'n*, 229 Ariz. 525, 531-32, ¶¶ 20, 23 (App. 2012); *Robinson*, 225 Ariz. at 193, ¶ 7.

**¶12**        Buyers also challenge the denial of their motion to disqualify Attorneys in their opening brief. They did not, however, identify the order denying that motion in their notice of appeal. Perhaps for this reason, they do not contend we have appellate jurisdiction over that issue. *See Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 576, ¶ 15 (App. 2015) ("As a general rule, our review is limited to matters designated in the notice of appeal or cross-appeal."). They instead assert we should accept special-action jurisdiction because their challenge raises due process concerns and,

therefore, an issue of statewide importance, citing *Volk v. Brame*, 235 Ariz. 462, 464, ¶ 2 (App. 2014). We disagree that Buyers' challenge to the court's ruling on the motion to disqualify presents an issue of statewide importance. In our discretion, because Buyers' claims may be addressed on appeal at the conclusion of the case, we decline to exercise special-action jurisdiction. *See Nataros v. Superior Court*, 113 Ariz. 498, 499 (1976) ("A special action requests extraordinary relief which is usually granted only where justice cannot be satisfactorily obtained by other means.").

**CONCLUSION**

¶13        We dismiss this appeal for lack of jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED:        AA