NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DEREK KUANG, *Appellant*.

No. 1 CA-CR 21-0511
FILED 8-15-2023

Appeal from the Superior Court in Maricopa County
No. CR2019-127865-001
The Honorable Lauren R. Guyton, Judge *pro tempore*

**DISMISSED IN PART; SENTENCE AMENDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Maria Elena Cruz joined.

_____

**C A T L E T T**, Judge:

¶1            Derek Kuang ("Kuang") appeals the superior court's denial of pre-sentence credit for his 2019 conviction for criminal trespass. Kuang also argues the superior court violated his due process rights by not providing adequate notice of a bond forfeiture hearing. Because the court did not include time served solely for Kuang's 2019 conviction, we amend the sentence. We lack jurisdiction, however, to address the due process argument because Kuang's notice of appeal, filed before the bond forfeiture hearing occurred, does not identify the bond forfeiture judgment as being appealed.

**FACTS AND PROCEDURAL HISTORY**

¶2            In 2019, the State charged Kuang with criminal trespass, and a bench warrant issued for his arrest when he failed to appear for trial. The minute entry indicating the court issued a bench warrant also contained the date, time, and virtual login information for the bond forfeiture hearing. The address listed for Kuang in that minute entry was the same address where Kuang was later apprehended.

¶3            Kuang was ultimately convicted. A pre-sentence report calculated time periods when Kuang was incarcerated for two separate 2017 convictions as well as prior to sentencing for the 2019 conviction. While many dates of pre-sentence incarceration for Kuang's convictions overlapped, the report identified June 20, 2019 through August 22, 2019 and July 16, 2021 through August 23, 2021 as dates where Kuang was in custody solely for the 2019 conviction.

¶4            The court sentenced Kuang to 3.75 years, to run consecutively with his sentences for the 2017 convictions, with no credit for time served. Kuang objected and argued he should receive credit for any time served solely for the 2019 conviction. The court rejected the argument, stating Kuang would only receive credit for the 2017 convictions and had to serve those sentences before receiving any credit against his 2019 sentence.

Kuang filed a notice of appeal designating only "the judgments of guilt and sentences . . . on November 4, 2021."

**¶5**          Ten days after doing so, while Kuang was in custody, the bond forfeiture hearing occurred in Kuang's absence. The court found there was no reasonable cause for Kuang's failure to appear for trial and forfeited the bond.

## DISCUSSION

### I.     Jurisdiction

**¶6**          While the State did not challenge our jurisdiction, "we have an independent duty to determine our jurisdiction over the appeal." *State v. Perry*, 245 Ariz. 310, 311 ¶ 3 (App. 2018). Kuang filed his notice of appeal on November 8, 2021, appealing "the judgments of guilt and sentences . . . on November 4, 2021." But Kuang's opening brief addresses two arguments. Kuang's first argument is the court improperly calculated Kuang's pre-sentence credit. Kuang timely appealed this issue and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 13-4033(A).

**¶7**          Kuang's second argument is that we should set aside the bond forfeiture judgment because he did not receive adequate notice of the forfeiture hearing, which resulted in his failure to appear and violated his due process rights. When determining jurisdiction, we first determine whether the bond forfeiture judgment is civil or criminal in nature. *See Perry*, 245 Ariz. at 311 ¶ 3. Although stemming from a criminal case, a bond forfeiture judgment is civil in nature. *State v. Copperstate Bail Bonds*, 222 Ariz. 193, 195 ¶ 15 (App. 2009); *see also* Ariz. R. Crim. P. 7.6(c)(4) ("If the court finds that the [forfeiture] violation is not excused . . . the State may enforce that order as a *civil* judgment.") (emphasis added).

**¶8**          Because a bond forfeiture judgment is civil, we apply the Arizona Rules of Civil Appellate Procedure. *See Perry*, 245 Ariz. at 312 ¶ 7 (applying the applicable rules after determining whether a proceeding was civil or criminal for jurisdictional purposes). Under those rules, a party must "[d]esignate the judgment or portion of the judgment" in the notice of appeal. Ariz. R. Civ. App. P. 8(c)(3). Kuang appealed "the judgments of guilt and sentences" on November 8, 2021, before the superior court held the bond forfeiture hearing on November 18, 2021 and signed the bond judgment on November 23, 2021. Kuang did not amend his notice of appeal to designate the bond forfeiture judgment or file a new notice of appeal designating the bond forfeiture judgment.

¶9 "As a general rule, our review is limited to matters designated in the notice of appeal[.]" *Desert Palm Surgical Grp. v. Petta*, 236 Ariz. 568, 576 ¶ 15 (App. 2015). Thus, we lack jurisdiction to address Kuang's arguments challenging the bond forfeiture judgment, and we dismiss that portion of his appeal. *See Robinson v. Kay*, 225 Ariz. 191, 192 ¶ 4 (App. 2010) ("[W]e must dismiss an appeal over which we lack jurisdiction[.]"); *see also China Doll Rest., Inc. v. Schweiger*, 119 Ariz. 315, 316 (App. 1978) ("Since this action was not contained in the notice of appeal, and in fact occurred . . . after the notice of appeal was filed, we acquired no jurisdiction to determine this issue.").[1]

## II.    Pre-Sentence Incarceration Credit

¶10 Kuang argues the superior court erred by not including 103 days of pre-sentence credit for time served in the 2019 conviction. We review the superior court's determination of pre-sentence incarceration credit *de novo*. *State v. Yug*, 252 Ariz. 203, 204 ¶ 4 (App. 2021).

¶11 Arizona law requires that "[a]ll time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment[.]" A.R.S. § 13-712(B). The State concedes the superior court erred by not including 103 days of pre-sentence incarceration credit for time served solely for the 2019 conviction. We agree. The pre-sentence time served solely for the 2019 conviction was from June 20, 2019 through August 22, 2019, which is 64 days, and July 16, 2021 through August 23, 2021, which is 39 days, totaling 103 days. Accordingly, we "modify the action of a lower court" by ordering Kuang's 2019 sentence to be amended to include 103 days of pre-incarceration credit. *See* Ariz. R. Crim. P. 31.19(c); *see also Yug*, 252 Ariz. at 206 ¶ 13 (amending a sentence based on pre-sentence incarceration credit).

---

[1]    We also note that treating the bond forfeiture judgment as a civil judgment is not determinative; we would still lack jurisdiction if we instead treated the judgment as criminal. *See* Ariz. R. Crim. P. 31.2(c)(1) ("A notice of appeal . . . must identify the order, judgment, or sentence that is being appealed.").

## CONCLUSION

**¶12** We amend the superior court's 3.75 year sentence for Kuang's 2019 conviction to include 103 additional days of pre-sentence incarceration credit. We dismiss the remainder of Kuang's appeal for lack of jurisdiction.



AMY M. WOOD • Clerk of the Court
FILED: AA